UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY BACA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JOHN MUIR HEALTH, et al.,<br><br>　　　　Defendants. | Case No.  21-cv-04898-JSW<br><br>**ORDER REGARDING PLAINTIFFS'<br>OBJECTIONS TO DEFENDANTS'<br>BILL OF COSTS**<br><br>Re: Dkt. Nos. 48, 50 |

　　Now before the Court for consideration are Plaintiffs' objections to Defendants' bill of costs. For the following reasons, the Court DENIES Plaintiffs' objections and ORDERS the costs taxed in the amount of $8,959.55 as originally taxed by the Clerk.

**BACKGROUND**

　　Following the Court's order granting Defendants' motion for summary judgment, the Court entered judgment against Plaintiffs on November 16, 2022. (Dkt. No. 47.) On November 30, 2022, Defendants timely filed their bill of costs, which included the required supporting affidavit. *See* N.D. Civ. L.R. 54-1 (a) (providing that no later than 14 days after entry of judgment, a prevailing party claiming taxable costs must file and serve a bill of costs, along with a supporting affidavit attesting that the costs are correctly stated, were necessarily incurred, and are allowable by law). The bill of costs sought $18,286.40. (*See* Dkt. No. 48.) On December 7, 2022, Plaintiffs timely filed objections to Defendants' bill of costs. *See* N.D. Civ. L.R. 54-2(a) (providing that within 14 days after service of the bill of costs, the party against whom costs are claimed must serve and file any specific objections to any item of cost claimed in the bill). Plaintiffs' objections did not contain the required representation that counsel met and conferred in an effort to resolve their disagreements about the claimed taxable costs, or that the objecting party

1  made a good faith effort to arrange such a conference.  *See* N.D. Civ. L.R. 54-2(b).  On December
2  13, 2022, Defendants filed a response to Plaintiffs' objections.  (Dkt. No. 52.)  On December 16,
3  2022, the Clerk taxed costs in the amount of $8,959.55 against Plaintiffs.  (Dkt. No. 53.)  The
4  Clerk's taxation disallowed fees sought as filing fees and docket fees, disallowed fees for court
5  transcript from Plaintiff Baca's 2019 criminal trial, and reduced the fees sought for deposition
6  transcripts.  Neither party has filed a motion seeking review of the Clerk's taxation of costs.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorneys' fees—should be allowed to the prevailing party."  Accordingly, "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded."  *Save Our Valley v. Sound Transit,* 335 F.3d 932, 944-45 (9th Cir. 2003) (citing *Stanley v. Univ. of Southern California,* 178 F.3d 1069, 1079 (9th Cir. 1999)).  The Court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award."  *Id.* at 945.  The Court may refuse to award costs to a prevailing party on several recognized grounds, including: the losing party's limited financial resources; misconduct on the part of the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs.  *See id.* (internal citations omitted).

28 U.S.C. section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S437, 441-42 (1987).  Civil Local Rule 54-3 provides additional "standards for interpreting the costs allowed by section 1920."  *Intermedics v. Ventritex, Co.,* No. C-90-20233, 1993 WL 515879, at *1 (N.D. Cal. Dec. 2, 1993).

## ANALYSIS

Plaintiffs ask the Court to deny Defendants' bill of costs in its entirety because this case raised issues of public importance and involved consideration of complex questions of law and fact.  Plaintiffs further argue costs should be denied because imposing costs in this case may chill

other civil rights litigants and because Plaintiffs have limited financial resources.

The Court finds Plaintiffs' arguments against the imposition of costs are not sufficiently persuasive to depart from the presumption in favor of awarding costs. Although Plaintiffs characterize this case as a "civil rights and negligence case of public importance," they effectively abandoned their civil rights claim on summary judgment and have failed to show how the claims asserted in this action would have far-ranging implications beyond the parties to this case. Moreover, Plaintiffs' case, while important, did not raise particularly complex or novel legal issues. While Plaintiffs assert their financial resources are scarce, Plaintiffs offer no evidence supporting their limited financial resources and indeed assert that Plaintiff Baca has maintained his employment with Defendant John Muir Health.

Plaintiffs also specifically object to Defendants' attempt to seek reimbursement in the amount of $4,800 for the purchase of court transcripts from Plaintiff Baca's criminal trial in 2019. However, the Clerk correctly disallowed the court transcript fees as outside the scope of Local Rule 54-3. Thus, these fees have been excluded from the costs taxed, and Plaintiffs' objection is moot.

Thus, the Court overrules Plaintiffs' objections to Defendants' bill of costs and finds the Clerk's taxation of costs proper. The Court does not disturb the Clerk's award of costs in the amount of $8,959.55.

**CONCLUSION**

For the foregoing reasons, the Court overrules Plaintiffs' objections to Defendants' bill of costs and awards $8,959.55 in costs as originally taxed by the Clerk.

**IT IS SO ORDERED.**

Dated: January 9, 2023

_____
JEFFREY S. WHITE
United States District Judge